UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

NICOLAS K. GEORGE, individually and )
as Personal Representative of the Estate of )
Lisa Kay George, )
                                                        )
     Plaintiff, )
                                                        )
v. )
                                                        )   Case No. _____
HARTFORD INSURANCE COMPANY, )
UNIVERSITY OF NEW MEXICO )
HOSPITAL, THE BOARD OF
REGENTS OF THE UNIVERSITY OF
NEW MEXICO,

     Defendants.

## NOTICE OF REMOVAL

Defendant Hartford Life and Accident Insurance Company ("Hartford")[1] removes this action from the Second Judicial District Court, Bernalillo County to the United States District Court for the District of New Mexico. This Court has diversity jurisdiction under 28 U.S.C. § 1332.

**I.   Introduction.**

This lawsuit involves a dispute over life insurance benefits. Plaintiff Nicolas K. George ("Plaintiff") seeks to recover life insurance benefits following the death of his wife, Lisa Kay George ("George"). George worked as a full-time employee of the University of New Mexico Hospital ("UNMH"). (Ex. A., Compl. ¶ 10.) The Board of Regents of the University of New Mexico ("Board of Regents") oversees UNMH. (*Id.* ¶ 4.) Plaintiff submitted a claim for life insurance benefits. (*Id.* ¶ 27.) Hartford reviewed

---

[1] The Complaint erroneously named Hartford Insurance Company as a Defendant. No such entity exists. Hartford Life and Accident Insurance Company is the company that issued the policy at issue in this case.

Plaintiff's claim and denied it because it determined George had no life insurance coverage at the time of her death.  (*Id.* ¶ 28.)

Plaintiff then sued Hartford, UNMH, and the Board of Regents in the Second Judicial District Court, Bernalillo County, stating seven causes of action: (1) breach of contract (*id.* ¶¶ 36-42); (2) bad faith (*id.* ¶¶ 43-49); (3) negligence and negligent misrepresentation (*id.* ¶¶ 50-54); (4) negligent supervision (*id.* ¶¶ 55-56); (5) unfair claims practices (*id.* ¶¶ 57-59); (6) violation of unfair practices (*id.* ¶¶ 60-62); and (7) promissory estoppel (*id.* ¶¶ 63-66).  In addition to compensatory damages, Plaintiff alleges he is entitled to treble damages under the Unfair Practices Act, NMSA, 1978 § 57-12-10, attorneys' fees, costs, prejudgment interest and post-judgment interest.  (*Id.* at Prayer for Relief.).  Plaintiff also reserved the right to amend his Complaint to state a claim for punitive damages if litigation and discovery reveal that it is warranted.  (*Id.*)

Removal is appropriate because this Court has diversity jurisdiction under 28 U.S.C. § 1332.  Diversity jurisdiction exists because the properly joined parties are diverse and all of the information, viewed together, presents a "plausible allegation" that the amount in controversy exceeds $75,000.  *See Dart Cherokee Basin Operating Co., L.L.C. v. Owens*, 135 S. Ct. 547, 554 (2014).

## II.     This Court Has Jurisdiction Under 28 U.S.C. § 1332.

### A.     There Is Diversity Of Citizenship.

#### 1.     Plaintiff is a Citizen of New Mexico.

Plaintiff alleges he resides in Bernalillo County, New Mexico.  (Ex. A, Compl. ¶ 1.)

#### 2.     Hartford is a Citizen of Connecticut.

For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of every state where it has been incorporated and the state where it has its principal place of business.  28 U.S.C. § 1332(c); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-92 (2010).  Hartford Life and Accident Insurance Company is a Connecticut insurance company with

its principal place of business in Hartford County, Connecticut. Hartford's principal place of business is in Hartford County, Connecticut because that is where Hartford maintains its principal executive offices and "nerve center," where its high level officers direct, control and coordinate the corporation's activities. *Friend*, 559 U.S. at 80.

        3.    <u>The Citizenship of the University of New Mexico Hospital and the Board of Regents of the University of New Mexico Should Be Disregarded Because They Were Fraudulently Joined.</u>

This Court should not consider the citizenship of UNMH and the Board of Regents in determining whether there is diversity because they are "sham defendants," whose inclusion as defendants amounts to a fraudulent joinder. A fraudulent joinder does not defeat diversity. *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964). "'To establish [fraudulent] joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (quoting *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011)). To establish fraudulent joinder, the removing party must demonstrate that "there is no possibility that the plaintiff will recover against an in-state defendant." *McDaniel v. Loya*, 304 F.R.D. 617, 630 (D.N.M. 2015). In applying this analysis to the Complaint, it is clear UNMH and the Board of Regents have been improperly joined, as Plaintiff has not stated any claim against the Board of Regents and has not stated any viable claim against UNMH.

Plaintiff's Complaint only directly mentions the Board of Regents in the opening paragraph and in one allegation and that allegation addresses only jurisdictional facts. (Ex. A., Compl. ¶ 4 ("The UNM Regents oversee UNM, including UNMH, and are a proper party for this suit.").) Because Plaintiff has not stated any claims against the Board of Regents, the Board of Regents was fraudulently joined and cannot serve to defeat diversity.

Plaintiff has alleged six causes of action against UNMH: (1) breach of contract (*id.* ¶¶ 36-42); (2) bad faith (*id.* ¶¶ 43-49); (3) negligence and negligent misrepresentation (*id.* ¶¶ 50-54); (4) unfair claims practices (*id.* ¶¶ 57-59); (5) violation of the unfair practices act (*id.* ¶¶ 60-62); and (6) promissory estoppel (*id.* ¶¶ 63-66).  Plaintiff cannot prevail on any of these claims.

*Breach of Contract.*  Plaintiff has failed to state a claim for breach of contract against UNMH because Plaintiff has not alleged that George and UNMH had a contract.  *Res. Assocs. Grant Writing & Evaluation Servs., Inc. v. Southampton Union Free Sch. Dist.*, No. 2016 WL 3996383, at *33 (D. N.M. June 15, 2016) (the first element of a breach of contract claim is "existence of a contract").

*Bad Faith/Negligence/Negligent Misrepresentation.*  UNMH is an arm of the state.  *Ysais*, 2008 WL 4861697, at *5.  As such, UNMH is immune "from liability for any tort except as waived by the New Mexico Religious Freedom Restoration Act and by Sections 41-4-5 through 41-4-12 NMSA 1978." NMSA 1978, § 41-4-4.  There is no applicable section that waives liability for the torts Plaintiff has alleged in this case.  Thus, Plaintiff's claims against UNMH for bad faith, negligence and negligent misrepresentation fail as a matter of law because UNMH is immune from liability for these torts.

*Unfair Claims Practices Pursuant to NMSA 1978, § 59A-16-20.*  Plaintiff alleges that UNMH committed unfair claims practices under NMSA § 59A-16-20 by:

    a. Misrepresenting to the Georges that their policy had been appropriately converted
    b. Failing to acknowledge that the Georges had paid premiums and acted in all other ways reasonably and in accordance with their understanding they were making payments to convert and continue their policy of insurance
    c. Denying coverage despite the knowledge the Georges had continued to pay premiums for almost two years with the expectation of coverage
    d. Failing to acknowledge that UNMH had accepted conversion of the policy, pursuant to NMSA 59A-21-19, as Hartford's agent.

(Ex. A, Compl. ¶ 58.)  Plaintiff's claim under subsection (c) is inapplicable to UNMH because Plaintiff alleges that it was Hartford—and not UNMH—that denied coverage. (*Id.* ¶ 28.)  The practices Plaintiff alleges in subsections (a), (b), and (d) cannot serve as a basis for Plaintiff's section 59A-16-20 claim because those alleged practices were unrelated to the claims process and, thus, are not governed by section 59A-16-20, which only addresses claims practices.  *See* 59A-16-20.  Thus, Plaintiff has not stated a claim for unfair claims practices claims against UNMH.

*Violation of the Unfair Practices Act, NMSA 1978, § 57-12-1, et seq.*  Plaintiff's Unfair Practices Act claim against UNMH is unsustainable, first, because Unfair Practices Act claims are tort claims, *Guidance Endodontics, LLC v. Dentsply Int'l, Inc.*, 749 F. Supp. 2d 1235, 1274-75 (D.N.M. 2010), and as such, UNMH is immune from liability for such claims.  *See* NMSA 1978, § 41-4-4.

Plaintiff's claim fails for a second reason—Plaintiff has not alleged that UNMH has made a false or misleading oral or written statement, visual description or other representation.  *See Guidance*, 749 F. Supp. 2d at 1259 (identifying the four elements of a New Mexico Unfair Practices Act claim, the first of which is a false or misleading misrepresentation); *see also* NMSA 1978, § 57-12-2(D).  Plaintiff alleges that UNMH violated the Unfair Practices Act by: (1) "[a]ccepting payments from the Georges' [sic] for conversion and then maintenance of the policy of life insurance subsequent to Aug. 29, 2013;" and (2) "[f]ailing to execute appropriate documents to properly convert the policy on the Georges' behalf despite acceptance of payments for more than two years." (Ex. A, Compl. ¶ 60.)  These practices are not representations and as such they cannot support an Unfair Practices Act claim as a matter of law.

*Promissory Estoppel/Waiver.*  Plaintiff alleges promissory estoppel and waiver as equitable remedies in an effort to enforce the alleged contract between George and Hartford.  Plaintiff, again, does not allege that there was any contract between George and UNMH.  Rather, Plaintiff alleges "Defendants are estopped from denying the

existence of a life insurance contract between the Georges and Hartford and executed by Hartford's agent, UNMH." (*Id.* ¶ 64.) Because Plaintiff does not allege the existence of any contract between UNMH and George, Plaintiff has not stated a claim against UNMH for promissory estoppel or waiver.

Accordingly, under the doctrine of fraudulent joinder, UNMH and the Board of Regents can be disregarded for purposes of determining diversity of citizenship.

### B.     The Amount In Controversy Exceeds $75,000.

Where there is diversity of citizenship, the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).  A notice of removal need only contain a "plausible allegation" that the amount in controversy exceeds $75,000, and does not need to provide evidence supporting that allegation. *Dart*, 135 S. Ct. at 554.

Here, if Plaintiff were to prove that he was entitled to receive life insurance benefits under the Policy, he would be entitled to receive $174,000. (*Id.* ¶¶ 26.) This allegation alone satisfies Hartford's burden to state a "plausible allegation" that the amount in controversy exceeds the jurisdictional minimum. *Dart Cherokee*, 135 S. Ct. at 554. Additionally, Plaintiff has alleged that he is entitled to treble damages under the Unfair Practices Act, NMSA, 1978 § 57-12-10(B), attorneys' fees, costs, prejudgment interest and post-judgment interest. (*Id.* at Prayer for Relief.). Accordingly, the amount in controversy in this case easily exceeds $75,000.

## III.   This Removal is Timely

1.     Plaintiff filed this action in the Second Judicial District Court, Bernalillo County on June 29, 2016.

2.     Plaintiff filed his Amended Complaint for Damages on July 13, 2016.

3.     The New Mexico Department of Insurance mailed the Summons and Complaint to Hartford on July 20, 2016.

4. Hartford received the Summons and Complaint on August 5, 2016. NMSA § 59A-5-32(B) ("Service of process on the insurer shall be complete upon receipt, or, in the event of a refusal to accept, the date of such refusal.").

5. As this Notice of Removal is being filed on September 1, 2016, the removal is timely. *See* 28 U.S.C. § 1446(b).

## IV.     Hartford Has Met All Other Requirements For Removal.

1. This Court has diversity jurisdiction under 28 U.S.C. § 1332.

2. Removal is proper pursuant to 28 U.S.C. §§ 1441 and 1446.

3. UNMH's and the Board of Regents' consent is not required for removal in this case because they were fraudulently joined parties. *Flores-Duenas v. Briones*, No. CIV 13-0660 JB/CG, 2013 WL6503537, at *13 (D.N.M. Dec. 1, 2013).

4. Hartford has attached to this Notice copies of all process, pleadings and orders filed with the State Court prior to the filing of this Notice of Removal. (*See* Ex. A., State Court Filings.)

5. Hartford has also concurrently filed a copy of this Notice in the Second Judicial District Court, Bernalillo County.

6. Hartford has served a copy of this Notice upon Plaintiff's counsel.

7. Hartford accordingly requests that the Court accept this Notice of Removal and assume jurisdiction in this case.

DATED: September 1, 2016						LEWIS ROCA ROTHGERBER CHRISTIE LLP

							By:	*s/ Kristina N. Holmstrom*
								Kristina N. Holmstrom
								Attorneys for Defendant Hartford Life and
								Accident Insurance Company
								201 East Washington Street, Suite 1200
								Phoenix, AZ 85004-2595
								Tel: 602.262.5311
								Fax: 602.262.5747
								E-mail:   kholmstrom@lrrc.com

## CERTIFICATE OF SERVICE

I hereby certify on September 1, 2016, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing and mailed a copy of the following:

>	Brian K. Branch
>	Sean P. McAfee
>	THE LAW OFFICE OF BRIAN K. BRANCH
>	715 Marquette Avenue, NW
>	Albuquerque, NM 87102

				and

>	Ronald T. Taylor
>	THE LAW OFFICE OF RONALD T. TAYLOR
>	708 Marquette Avenue, NW
>	Albuquerque, NM 87102
>	*Attorneys for Plaintiff*

								 *s/ Kristina N. Holmstrom*
								Kristina N. Holmstrom