**EXHIBIT A**

FILED IN MY OFFICE
DISTRICT COURT CLERK
6/29/2016 4:11:17 PM
James A. Noel
Chris Peck

SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

NICOLAS K. GEORGE, individually and as
Personal Representative of the Estate of
Lisa Kay George,

        Plaintiff,

v.                                No.: D-202-CV-2016-04045

HARTFORD INSURANCE COMPANY,
UNIVERSITY OF NEW MEXICO HOSPITAL,
THE BOARD OF REGENTS OF THE
UNIVERSITY OF NEW MEXICO,

        Defendants.

## **COMPLAINT FOR DAMAGES**

Nicolas K. George, individually and as Personal Representative of the Estate of Lisa Kay George states his complaint for damages against Hartford Insurance Company ("Hartford"), University of New Mexico Hospitals ("UNMH") and the Regents of the University of New Mexico ("UNM Regents"), through his attorneys The Law Office of Brian K. Branch (Brian K. Branch and Sean P. McAfee) and Ronald T. Taylor, as follows:

1. Mr. George resides in Bernalillo County, New Mexico.

2. Hartford is an insurance company licensed to do business in New Mexico.

3. UNMH is a New Mexico health facility located in Bernalillo County, New Mexico, and is subdivision of the University of New Mexico, a public entity.

4. The UNM Regents oversee UNM, including UNMH, and are a proper party for this suit.

5. All relevant actions, including execution of the insurance contract that is the subject matter of this suit, occurred or were entered into within the state of New Mexico.

6. This Court has jurisdiction over all named Parties

7. Venue is proper in this Court.

8. Mr. George was married to Lisa K. George prior to her death June 12, 2015.

9. Mr. George is the lawfully appointed personal representative for the estate of Lisa K. George.

10. At certain times relevant to this lawsuit, Lisa K. George was a full-time employee at UNMH in Albuquerque.

11. At other times relevant to this lawsuit, Ms. George was a part-time employee of UNMH.

12. At all times material, while a UNMH employee, Ms. George maintained a life insurance policy with Hartford.

13. UNMH, in a joint venture with Hartford Insurance, offered Hartford Insurance coverage to its employees as a benefit of employment, through the UNM Hospital Group Life Insurance Employee Benefit Plan, under Hartford Life and Accident Insurance Company policy GL677162 ("The Plan").

14. UNMH and Hartford Insurance offered insurance advice to UNMH employees about Hartford Insurance policies and plans, including The Plan.

15. At all times material, while Ms. George was a UNMH employee, UNMH collected life insurance payments for The Plan on behalf of Ms. George and other participating employees as the agent, or apparent agent, of Hartford Insurance.

16. Prior to August 29, 2013, Ms. George was employed at UNMH and made payments to UNMH for life insurance through Hartford.

17. Ms. George became ill, went on disability and did not work at UNMH subsequent to August 29, 2013.

18. Ms. George made arrangements with UNMH to convert her policy subsequent to her going on disability and ceasing working at UNMH.

19. On August 29, 2013, Ms. George made a payment of $248.40 to UNMH to bring her current on her converted coverage under the subject Hartford life insurance plan.

20. Ms. George, intending to convert her coverage as provided for in the policy, continued to make monthly premium payments to UNMH of $82.80 subsequent to August 20, 2013, through June of 2015.

21. UNMH accepted all payments on Hartford's behalf.

22. Ms. George died on June 12, 2015, at the age of 62.

23. Ms. George made the monthly payments until the time of her death based on instructions by UNMH and with the reasonable expectation that UNMH would forward the payments to Hartford.

24. UNMH accepted and deposited all such payments made by Ms. George for her life insurance coverage with Hartford from August 29, 2013 until June of 2015.

25. Mr. and Ms. George had the reasonable understanding and expectation that the monthly payments made to UNMH were in payment of a life insurance policy, and that Mr. George was the designated beneficiary of Ms. George's life insurance proceeds.

26. Under the terms of the Hartford policy, Mr. George was entitled to receive $174,000 in life insurance proceeds in the event of Ms. George's death.

27. After Ms. George's death, UNMH assisted Mr. George in completing the necessary Hartford Insurance claim forms in order to receive the benefits to which he was contractually entitled..

28. Hartford reviewed Mr. George's claim and denied it via letter of July 31, 2015, for reasons including:

    a. Hartford claimed no record existed of Ms. George converting her coverage after going on disability and ceasing work at UNMH;

    b. Hartford claimed documents submitted on behalf of Mr. George did not establish Ms. George was covered.

29. Upon information and belief, Hartford accepted from UNMH the monthly payments made by Ms. George to convert/continue her coverage up until the time of her death.

30. Hartford knew or should have known UNMH was accepting payments from Ms. George on Harford's behalf between April 29, 2013, and June of 2015.

31. In accepting payments from Ms. George for her life insurance coverage through Hartford, UNMH was acting as the actual or apparent agent for Hartford.

32. Acting on the advice of UNMH and submitting payment to UNMH, the Georges' had the reasonable expectation of having active life insurance through Hartford at all times material.

33. Subsequent to the July 31, 2015 denial, Mr. George again made demand upon both Hartford and UNMH for payment of life insurance proceeds under the subject policy.

34. Neither UNMH nor Hartford has made payment to Mr. George as of the filing of this suit.

35. The above facts are incorporated into all counts of the complaint.

## COUNT I – BREACH OF CONTRACT

36. UNMH was the agent or apparent agent of Hartford in its dealings with the Georges with respect to the subject policy of life insurance.

37. The Contract entered into between Ms. George and Hartford was premised on Hartford's offer of life insurance in return for Ms. George's payment of premiums, to which all parties assented.

38. In accepting Ms. George's monthly payments, UNMH manifested the intent that life insurance continued to be provided to Ms. George after she ceased working, through the time of her death.

39. By accepting monthly payments from Ms. George after she ceased employment with UNMH, UNMH assented to modification of the insurance contract.

40. By accepting monthly payments from Ms. George through its agent or apparent agent, UNMH, Hartford assented to modification of the insurance contract.

41. Hartford breached its contract with Ms. George by failing to provide death benefits to Mr. George under the terms of the contract.

42. UNMH breached its contract with Ms. George by failing to notify Hartford of Ms. George's conversion of the terms of the contract to include supplementary monthly payments once she was no longer working at UNMH.

## COUNT II – BAD FAITH

43. In issuing a policy of insurance to the Georges, Hartford had a duty to deal fairly with the Georges.

44. In acting as Hartford's agent, UNMH had a duty to deal fairly with the Georges.

45. UNMH as agent for Hartford accepted payments made by the Georges from April of 2013 through June of 2015, in connection with the subject policy of insurance.

46. Prior to Hartford's denial of Mr. George's claim for benefits under the Hartford policy, neither UNMH nor Hartford ever notified the Georges of their position that, despite their acceptance of monthly payments, the policy had not been properly converted.

47. UNMH's acceptance of payments on the policy as Hartford's agent, and failure to notify the Georges of their position that the policy had not been properly converted, constitutes waiver on the part of UNMH and Hartford.

48. In accepting payments for almost two years without ever notifying the Georges they had not properly converted their policy, and then denying Mr. George's claim for death benefits under the policy, UNMH and Hartford failed to act honestly and in good faith.

49. In accepting payments for almost two years and then denying benefits, UNMH and Hartford exercised dishonest judgment in its treatment of its insured, the Georges.

## COUNT III – NEGLIGENCE AND NEGLIGENT MISREPRESENTATION

50. Hartford and UNMH as Hartford's agent had a duty to exercise ordinary care to insure Ms. George continued to receive coverage under her policy of life insurance once she began making payments to maintain such coverage.

51. Hartford and UNMH as Hartford's agent failed to exercise ordinary care to insure Ms. George continued to receive coverage under her policy of life insurance.

52. Hartford's denial of coverage was due to its own negligence, and that of its agent, UNMH, and therefore caused the Georges to incur damages in an amount to be

determined at trial, which includes but is not necessarily limited to the amount due as a death benefit under the policy.

53. In inducing Ms. George to make monthly payments so as to accomplish conversion of her policy once she ceased employment at UNMH, UNMH as Hartford's agent made substantive and negligent misrepresentations to the Georges.

54. The Georges relied upon the substantive and negligent misrepresentations made by UNMH as Hartford's agent, to their detriment and damage.

## COUNT IV – NEGLIGENT SUPERVISION

55. Hartford had a duty to supervise its actual or apparent agent, UNMH, to ensure proper handling of payments and paperwork so that Ms. George continued to enjoy the benefit of the contract of insurance for which she made timely payments.

56. By failing to ensure UNMH executed the proper steps and paperwork to ensure continued coverage, Hartford failed to act reasonably under the circumstances and caused the Georges to incur damages as a result.

## COUNT V – UNFAIR CLAIMS PRACTICES

57. At the time of the actions described in this Complaint, unfair claims practices were prohibited by state law, NMSA § 59A-16-20.

58. Hartford and UNMH as its agent violated the prohibition against unfair claims practices by:

   a. Misrepresenting to the Georges that their policy had been appropriately converted

b. Failing to acknowledge that the Georges had paid premiums and acted in all other ways reasonably and in accordance with their understanding they were making payments to convert and continue their policy of insurance

c. Denying coverage despite the knowledge the Georges had continued to pay premiums for almost two years with the expectation of coverage

d. Failing to acknowledge that UNMH had accepted conversion of the policy, pursuant to NMSA 59A-21-19, as Hartford's agent

59. In addition to all other damages, violation of the Insurance Act by Defendants entitles Plaintiffs to recover their reasonable attorneys' fees incurred in bringing this Action.

## COUNT V – VIOLATION OF UNFAIR PRACTICES

60. UNMH as Hartford's agent violated New Mexico law prohibiting deceptive trade practices, including:

a. Accepting payments from the Georges' for conversion and then maintenance of the policy of life insurance subsequent to Aug. 29, 2013;

b. Failing to execute appropriate documents to properly convert the policy on the Georges' behalf, despite acceptance of payments for more than two years.

61. The Georges' were deceived by, and they relied upon, the deceptive and/or misleading actions of UNMH as Hartford's agent, and Hartford as the issuer of the policy, to their detriment.

62. In addition to all other damages, violation of the Unfair Practices Act by Defendants entitles Plaintiffs to treble damages.

## COUNT VI – PROMISSORY ESTOPPEL

63. In the alternative to the above claims, Plaintiffs assert the equitable remedies of Promissory Estoppel and waiver

64. Based on the conduct described above in this Complaint, specifically including but not necessarily limited to UNMH's representing conversion of the policy had been accomplished and subsequently accepting payments on the policy for more than two years, Defendants are estopped from denying the existence of a life insurance contract between the Georges and Hartford, facilitated and executed by Hartford's agent, UNMH.

65. Plaintiffs were reasonable in their reliance on representations that their policy had been converted and remained in effect, to their detriment.

66. Defendants' conduct also constitutes waiver, as described in ¶ 47 of this Complaint.

WHEREFORE, Plaintiffs seek damages, in an amount to be determined at trial, including the amount due under the insurance contract; additional damages caused by Defendants' wrongful conduct, including but not necessarily limited to treble damages, attorneys' fees, the reasonable costs associated with bringing and prosecuting this action, prejudgment interest and post-judgment interest; Plaintiffs reserve the right to amend this Complaint to include a punitive damages claim if litigation and discovery reveals it is warranted; any further relief deemed reasonable and appropriate.

Respectfully submitted,

**THE LAW OFFICE OF BRIAN K. BRANCH**

Brian K. Branch
Sean P. McAfee
715 Marquette Ave., NW

Albuquerque, New Mexico 87102
Tel: (505) 764-9710

and

**THE LAW OFFICE OF RONALD T. TAYLOR**

Ronald T. Taylor
708 Marquette Ave., NW
Albuquerque, New Mexico 87102
Tel: (505) 998-9060

Attorneys for Plaintiff

FILED IN MY OFFICE
DISTRICT COURT CLERK
6/29/2016 4:11:17 PM
James A. Noel
Chris Peck

SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

NICOLAS K. GEORGE, individually and as
Personal Representative of the Estate of
Lisa Kay George,

        Plaintiff,

v,                             No.:     D-202-CV-2016-04045

HARTFORD INSURANCE COMPANY,
UNIVERSITY OF NEW MEXICO HOSPITAL,
THE BOARD OF REGENTS OF THE
UNIVERSITY OF NEW MEXICO,

        Defendants.

## PLAINTIFF'S CERTIFICATION
## REGARDING ARBITRATION UNDER LOCAL RULE 2-603

I, Sean P. McAfee, counsel for the Plaintiff, Nicolas K. George, certify that:

[ ]    This case is subject to referral to arbitration under Local Rule 2-603. No party seeks relief other than a money judgement and no party seeks an award in excess of $25,000.00 inclusive of punitive damages and exclusive of interest, costs and attorneys' fees.

[X]    This case is not subject to referral to arbitration under Local Rule 2-603 because at least one party seeks relief other than a money judgement and/or at least one party seeks an award in excess of $25,000.00 inclusive of punitive damages and exclusive of interest, costs and attorneys' fees.

I further certify that the pleadings in this case are closed within the meaning of

Guideline 1-5 of the Guidelines to Local Rule 2-603.

                        **THE LAW OFFICES OF BRIAN K. BRANCH**

                        Brian K. Branch
                        Sean P. McAfee

Attorney for Plaintiff
715 Marquette Ave., NW
Albuquerque, NM  87102
Tel: (505) 764-9710
Fax: (505) 764-9722
bbranch@bkblaw.net
smcafee@bkblaw.net

FILED IN MY OFFICE
DISTRICT COURT CLERK
7/13/2016 12:29:20 PM
James A. Noel
Dawna Jarvis

SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

NICOLAS K. GEORGE, individually and as
Personal Representative of the Estate of
Lisa Kay George,

        Plaintiff,

v.                                        D-202-CV-2016-4045

HARTFORD INSURANCE COMPANY,
UNIVERSITY OF NEW MEXICO HOSPITAL,
THE BOARD OF REGENTS OF THE
UNIVERSITY OF NEW MEXICO,

        Defendants.

## AMENDED COMPLAINT FOR DAMAGES

Nicolas K. George, individually and as Personal Representative of the Estate of Lisa Kay George states his complaint for damages against Hartford Insurance Company ("Hartford"), University of New Mexico Hospitals ("UNMH") and the Regents of the University of New Mexico ("UNM Regents"), through his attorneys The Law Office of Brian K. Branch (Brian K. Branch and Sean P. McAfee) and Ronald T. Taylor, as follows:

1. Mr. George resides in Bernalillo County, New Mexico.

2. Hartford is an insurance company licensed to do business in New Mexico.

3. UNMH is a New Mexico health facility located in Bernalillo County, New Mexico, and is subdivision of the University of New Mexico, a public entity.

4. The UNM Regents oversee UNM, including UNMH, and are a proper party for this suit.

5. All relevant actions, including execution of the insurance contract that is the subject matter of this suit, occurred or were entered into within the state of New Mexico.

6. This Court has jurisdiction over all named Parties

7. Venue is proper in this Court.

8. Mr. George was married to Lisa K. George prior to her death June 12, 2015.

9. Mr. George is the lawfully appointed personal representative for the estate of Lisa K. George.

10. At certain times relevant to this lawsuit, Lisa K. George was a full-time employee at UNMH in Albuquerque.

11. At other times relevant to this lawsuit, Ms. George was a part-time employee of UNMH.

12. At all times material, while a UNMH employee, Ms. George maintained a life insurance policy with Hartford.

13. UNMH, in a joint venture with Hartford Insurance, offered Hartford Insurance coverage to its employees as a benefit of employment, through the UNM Hospital Group Life Insurance Employee Benefit Plan, under Hartford Life and Accident Insurance Company policy GL677162 ("The Plan").

14. UNMH and Hartford Insurance offered insurance advice to UNMH employees about Hartford Insurance policies and plans, including The Plan.

15. At all times material, while Ms. George was a UNMH employee, UNMH collected life insurance payments for The Plan on behalf of Ms. George and other participating employees as the agent, or apparent agent, of Hartford Insurance.

16. Prior to August 29, 2013, Ms. George was employed at UNMH and made payments to UNMH for life insurance through Hartford.

17. Ms. George became ill, went on disability and did not work at UNMH subsequent to August 29, 2013.

18. Ms. George made arrangements with UNMH to convert her policy subsequent to her going on disability and ceasing working at UNMH.

19. On August 29, 2013, Ms. George made a payment of $248.40 to UNMH to bring her current on her converted coverage under the subject Hartford life insurance plan.

20. Ms. George, intending to convert her coverage as provided for in the policy, continued to make monthly premium payments to UNMH of $82.80 subsequent to August 20, 2013, through June of 2015.

21. UNMH accepted all payments on Hartford's behalf.

22. Ms. George died on June 12, 2015, at the age of 64.

23. Ms. George made the monthly payments until the time of her death based on instructions by UNMH and with the reasonable expectation that UNMH would forward the payments to Hartford.

24. UNMH accepted and deposited all such payments made by Ms. George for her life insurance coverage with Hartford from August 29, 2013 until June of 2015.

25. Mr. and Ms. George had the reasonable understanding and expectation that the monthly payments made to UNMH were in payment of a life insurance policy, and that Mr. George was the designated beneficiary of Ms. George's life insurance proceeds.

26. Under the terms of the Hartford policy, Mr. George was entitled to receive $174,000 in life insurance proceeds in the event of Ms. George's death.

27. After Ms. George's death, UNMH assisted Mr. George in completing the necessary Hartford Insurance claim forms in order to receive the benefits to which he was contractually entitled..

28. Hartford reviewed Mr. George's claim and denied it via letter of July 31, 2015, for reasons including:

    a. Hartford claimed no record existed of Ms. George converting her coverage after going on disability and ceasing work at UNMH;

    b. Hartford claimed documents submitted on behalf of Mr. George did not establish Ms. George was covered.

29. Upon information and belief, Hartford accepted from UNMH the monthly payments made by Ms. George to convert/continue her coverage up until the time of her death.

30. Hartford knew or should have known UNMH was accepting payments from Ms. George on Harford's behalf between April 29, 2013, and June of 2015.

31. In accepting payments from Ms. George for her life insurance coverage through Hartford, UNMH was acting as the actual or apparent agent for Hartford.

32. Acting on the advice of UNMH and submitting payment to UNMH, the Georges' had the reasonable expectation of having active life insurance through Hartford at all times material.

33. Subsequent to the July 31, 2015 denial, Mr. George again made demand upon both Hartford and UNMH for payment of life insurance proceeds under the subject policy.

34. Neither UNMH nor Hartford has made payment to Mr. George as of the filing of this suit.

35. The above facts are incorporated into all counts of the complaint.

## COUNT I – BREACH OF CONTRACT

36. UNMH was the agent or apparent agent of Hartford in its dealings with the Georges with respect to the subject policy of life insurance.

37. The Contract entered into between Ms. George and Hartford was premised on Hartford's offer of life insurance in return for Ms. George's payment of premiums, to which all parties assented.

38. In accepting Ms. George's monthly payments, UNMH manifested the intent that life insurance continued to be provided to Ms. George after she ceased working, through the time of her death.

39. By accepting monthly payments from Ms. George after she ceased employment with UNMH, UNMH assented to modification of the insurance contract.

40. By accepting monthly payments from Ms. George through its agent or apparent agent, UNMH, Hartford assented to modification of the insurance contract.

41. Hartford breached its contract with Ms. George by failing to provide death benefits to Mr. George under the terms of the contract.

42. UNMH breached its contract with Ms. George by failing to notify Hartford of Ms. George's conversion of the terms of the contract to include supplementary monthly payments once she was no longer working at UNMH.

## COUNT II – BAD FAITH

43. In issuing a policy of insurance to the Georges, Hartford had a duty to deal fairly with the Georges.

44. In acting as Hartford's agent, UNMH had a duty to deal fairly with the Georges.

45. UNMH as agent for Hartford accepted payments made by the Georges from April of 2013 through June of 2015, in connection with the subject policy of insurance.

46. Prior to Hartford's denial of Mr. George's claim for benefits under the Hartford policy, neither UNMH nor Hartford ever notified the Georges of their position that, despite their acceptance of monthly payments, the policy had not been properly converted.

47. UNMH's acceptance of payments on the policy as Hartford's agent, and failure to notify the Georges of their position that the policy had not been properly converted, constitutes waiver on the part of UNMH and Hartford.

48. In accepting payments for almost two years without ever notifying the Georges they had not properly converted their policy, and then denying Mr. George's claim for death benefits under the policy, UNMH and Hartford failed to act honestly and in good faith.

49. In accepting payments for almost two years and then denying benefits, UNMH and Hartford exercised dishonest judgment in its treatment of its insured, the Georges.

## COUNT III – NEGLIGENCE AND NEGLIGENT MISREPRESENTATION

50. Hartford and UNMH as Hartford's agent had a duty to exercise ordinary care to insure Ms. George continued to receive coverage under her policy of life insurance once she began making payments to maintain such coverage.

51. Hartford and UNMH as Hartford's agent failed to exercise ordinary care to insure Ms. George continued to receive coverage under her policy of life insurance.

52. Hartford's denial of coverage was due to its own negligence, and that of its agent, UNMH, and therefore caused the Georges to incur damages in an amount to be

determined at trial, which includes but is not necessarily limited to the amount due as a death benefit under the policy.

53. In inducing Ms. George to make monthly payments so as to accomplish conversion of her policy once she ceased employment at UNMH, UNMH as Hartford's agent made substantive and negligent misrepresentations to the Georges.

54. The Georges relied upon the substantive and negligent misrepresentations made by UNMH as Hartford's agent, to their detriment and damage.

### COUNT IV – NEGLIGENT SUPERVISION

55. Hartford had a duty to supervise its actual or apparent agent, UNMH, to ensure proper handling of payments and paperwork so that Ms. George continued to enjoy the benefit of the contract of insurance for which she made timely payments.

56. By failing to ensure UNMH executed the proper steps and paperwork to ensure continued coverage, Hartford failed to act reasonably under the circumstances and caused the Georges to incur damages as a result.

### COUNT V – UNFAIR CLAIMS PRACTICES

57. At the time of the actions described in this Complaint, unfair claims practices were prohibited by state law, NMSA § 59A-16-20.

58. Hartford and UNMH as its agent violated the prohibition against unfair claims practices by:

    a. Misrepresenting to the Georges that their policy had been appropriately converted

b. Failing to acknowledge that the Georges had paid premiums and acted in all other ways reasonably and in accordance with their understanding they were making payments to convert and continue their policy of insurance

c. Denying coverage despite the knowledge the Georges had continued to pay premiums for almost two years with the expectation of coverage

d. Failing to acknowledge that UNMH had accepted conversion of the policy, pursuant to NMSA 59A-21-19, as Hartford's agent

59. In addition to all other damages, violation of the Insurance Act by Defendants entitles Plaintiffs to recover their reasonable attorneys' fees incurred in bringing this Action.

## COUNT V – VIOLATION OF UNFAIR PRACTICES

60. UNMH as Hartford's agent violated New Mexico law prohibiting deceptive trade practices, including:

a. Accepting payments from the Georges' for conversion and then maintenance of the policy of life insurance subsequent to Aug. 29, 2013;

b. Failing to execute appropriate documents to properly convert the policy on the Georges' behalf, despite acceptance of payments for more than two years.

61. The Georges' were deceived by, and they relied upon, the deceptive and/or misleading actions of UNMH as Hartford's agent, and Hartford as the issuer of the policy, to their detriment.

62. In addition to all other damages, violation of the Unfair Practices Act by Defendants entitles Plaintiffs to treble damages.

## COUNT VI – PROMISSORY ESTOPPEL

63. In the alternative to the above claims, Plaintiffs assert the equitable remedies of Promissory Estoppel and waiver

64. Based on the conduct described above in this Complaint, specifically including but not necessarily limited to UNMH's representing conversion of the policy had been accomplished and subsequently accepting payments on the policy for more than two years, Defendants are estopped from denying the existence of a life insurance contract between the Georges and Hartford, facilitated and executed by Hartford's agent, UNMH.

65. Plaintiffs were reasonable in their reliance on representations that their policy had been converted and remained in effect, to their detriment.

66. Defendants' conduct also constitutes waiver, as described in ¶ 47 of this Complaint.

WHEREFORE, Plaintiffs seek damages, in an amount to be determined at trial, including the amount due under the insurance contract; additional damages caused by Defendants' wrongful conduct, including but not necessarily limited to treble damages, attorneys' fees, the reasonable costs associated with bringing and prosecuting this action, prejudgment interest and post-judgment interest; Plaintiffs reserve the right to amend this Complaint to include a punitive damages claim if litigation and discovery reveals it is warranted; any further relief deemed reasonable and appropriate.

Respectfully submitted,

THE LAW OFFICE OF BRIAN K. BRANCH

Brian K. Branch
Sean P. McAfee
715 Marquette Ave., NW

Albuquerque, New Mexico 87102
Tel: (505) 764-9710

and

**THE LAW OFFICE OF RONALD T. TAYLOR**

Ronald T. Taylor
708 Marquette Ave., NW
Albuquerque, New Mexico 87102
Tel: (505) 998-9060

Attorneys for Plaintiff